IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TORNERRO CARTER,                    )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )          CV-99-PT-3395-E
                                    )
LARRY AMERSON, et.al.,              )
                                    )
          Defendants.               )

**ENTERED**

MAR 1 9 2002

## MEMORANDUM OF OPINION

The magistrate judge entered a second report and recommendation on November 26, 2001, recommending that the defendants' motion for summary judgment be granted. The parties were allowed fifteen (15) days in which to file written objections to the magistrate judge's recommendations. No objections were filed. However, a copy of the report and recommendation was not mailed to the plaintiff's last known address. On January 18, 2002, the magistrate judge ordered that a copy of the report and recommendation be sent to the plaintiff's last known address, with the instructions that the plaintiff's objections must be filed within fifteen (15) days of the entry date of the order. Thereafter, the plaintiff requested an extension of time to file objections. On February 19, 2002, the magistrate judge granted the plaintiff an additional fifteen (15) days from the entry date of that order to file objections. No objections were filed. No objections have been filed by any party.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS:



1.  that the plaintiff failed to notify the Court of the accurate address of defendants Middleton and Knowlton as ordered and, as such, same are due to be DISMISSED WITHOUT PREJUDICE for lack of prosecution.

2.   that there are no genuine issues of material fact with regard to plaintiff's claims against defendants Barclift and Middleton and  that said defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is due to be GRANTED and these claims are due to be DISMISSED WITH PREJUDICE.

An appropriate order will be entered.

DONE this the _____ day of _____, 2002.

ROBERT B. PROPST
SENIOR JUDGE

2